IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| SAMUEL LEE LOWRY,<br><br>Plaintiff<br><br>v.<br><br>SUPERINTENDENT SCI FOREST,<br><br>Defendant | Case No. 1:25-cv-00308-SPB-RAL<br><br>SUSAN PARADISE BAXTER<br>United States District Judge<br><br>RICHARD A. LANZILLO<br>Chief United States Magistrate Judge<br><br>REPORT AND RECOMMENDATION |

I.    Recommendation

It is recommended that Plaintiff Samuel Lee Lowry's complaint be dismissed for failure to state a claim in accordance with 28 U.S.C. § 1915(e).

II.    Report

A.  Background

Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest (SCI-Forest), commenced this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Superintendent of SCI-Forest. ECF No. 1. Plaintiff's complaint was lodged pending disposition of his motion for leave to proceed in forma pauperis. *Id.* The Court granted his in forma pauperis motion on June 30, 2026. ECF No. 8.

In his complaint, Plaintiff states that he was transferred from SCI-Coal Township to SCI-Forest on or about June 4, 2026. ECF No. 1 at p. 1. It appears that

1

his television set was lost during the transfer. *Id.* Plaintiff immediately submitted a timely grievance with the grievance coordinator at SCI-Coal Township but was told that he needed to file at SCI-Forest. *Id.* at 4. His subsequent grievance, filed at SCI-Forest, was denied as untimely. *Id.* Plaintiff contends that the untimeliness of his second grievance was a direct result of the time that he spent waiting for a response from SCI-Coal Township. *Id.*

Plaintiff asserts three causes of action based on this incident. *Id.* In his first two grounds for relief, he maintains that unidentified prison officials violated his right to due process by denying his grievance as untimely. *Id.* at pp. 4-5. His final claim for relief seeks monetary damages for the loss of his television set. *Id.* at p. 5.

B.  Standard for review

Because he is proceeding in forma pauperis, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[1] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015). A frivolous complaint is one which is either based upon an indisputably meritless legal theory (such as when a defendant enjoys immunity from suit) or based upon factual contentions which are clearly baseless (such as when the factual scenario described

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

is fanciful or delusional). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The determination as to whether a complaint fails to state a claim upon which relief may be granted is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 Fed. Appx. 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).

### C. Analysis

#### 1. Personal involvement

Applying the principles above, the Court must first screen and dismiss Plaintiff's claim against the Superintendent of SCI-Forest for lack of personal involvement in the deprivation of a constitutional right. It is axiomatic that a § 1983 plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at \*3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See, e.g.*, *Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain

defendants had played an affirmative part in the alleged Eighth Amendment violation).

These principles apply with equal force where the defendants are supervising prison officials. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (noting that liability for supervisory officials must still be based on "personal involvement in the alleged wrongs"); *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) ("[L]iability cannot be predicated solely on the operation of *respondeat superior*."). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986); *Brown v. Grabowski*, 922 F.2d 1097, 1120 (3d Cir. 1990). Moreover, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013). *See also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Rather, a supervisor-defendant may only be liable for unconstitutional acts undertaken by subordinates if the supervisor either: (1) with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm; or (2) participated in violating the plaintiff's rights, directed others to violate them, or, as the person in

4

charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

In the instant case, Plaintiff is plainly attempting to hold the Superintendent responsible for the unconstitutional actions of other individuals based entirely upon his supervisory role in the prison system and his response to Plaintiff's grievance. As described above, this type of averment is insufficient to establish personal involvement in the deprivation of a constitutional right. *See, e.g., Mincy v. Chmielsewski,* 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Kloss v. SCI-Albion*, 2018 WL 4609144, at *4 (W.D. Pa. Aug. 15, 2018) (allegation that supervisory defendant was "made aware of several issues of the plaintiff's and . . . failed to help him" is insufficient to state a claim for reliefs) participation in an administrative appeal process); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official."). Because Plaintiff's claim against the lone Defendant is based entirely upon his supervisory role in the prison system, that claim must be dismissed, with prejudice.

2.  Failure to state a claim

Even if Plaintiff had identified a viable Defendant, he has failed to state an actionable claim for relief.   It is well-settled that inmates "do not have a constitutionally protected right to a grievance process."  *Jackson v. Gordon*, 145 Fed. Appx. 774, 777 (3d Cir. 2005).  As such, "allegations of improprieties in the handling of grievances do not state a cognizable claim under § 1983."  *Glenn v. DelBalso*, 599 Fed. Appx. 457, 459 (3d Cir. 2015).  While prison officials' alleged mishandling of Plaintiff's grievances "may have excused his obligation to exhaust administrative remedies before filing suit, it did not give rise to an independent cause of action against the Defendants."  *Scutella v. Erie County Prison*, 2020 WL 5366043, at *4 (W.D. Pa. Sept. 8, 2020).

As to Plaintiff's loss of property claim, an unauthorized intentional deprivation of property by a state official does not violate the Due Process Clause of the Fourteenth Amendment so long as "a meaningful post deprivation remedy for the loss is available."  *Grant v. Venango Cnty. Sheriff's Off.*, 2026 WL 1335939, at *4 (W.D. Pa. Apr. 13, 2026) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).  Courts have widely held that Pennsylvania provides a sufficient remedy for purposes of the Due Process Clause in the form of the Pennsylvania Tort Claims Act.  *See*, *e.g.*, Grant, 2026 WL 1335939, at *4; *Shakur v. Coelho*, 421 Fed. Appx. 132, 135 (3d Cir. 2011) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials); *Grega v. Vroman*, 2023 WL

6

3585758, at *7 n. 9 (W.D. Pa. May 22, 2023) (same).  The availability of this state law remedy precludes Plaintiff's due process claim.  Dismissal is warranted.

III.    Conclusion

For the foregoing reasons, it is respectfully recommended that this action  be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  Moreover, because the deficiencies identified above cannot be cured by amendment, leave to amend should also be denied as futile.  The Clerk should be directed to mark this case closed.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto.  *See* Fed.R.Civ.P. 72(b)(2).  Extensions of time will not be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATED this 6th day of July, 2026.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge