IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL LEE LOWRY,                )
                                 )
                    Plaintiff,   )
                                 )      Case No. 1:25-cv-308
         v.                      )
                                 )
SUPERINTENDENT SCI FOREST,       )
                                 )
                    Defendant.   )

## MEMORANDUM ORDER

In this *pro se* civil action, Plaintiff Samuel Lee Lowry, an inmate at SCI Forest, alleges that his constitutional rights were violated when his television was lost in the course of his transfer from SCI-Coal Township to SCI-Forest and his ensuing grievance concerning this loss was denied as untimely. Plaintiff's claims appear to be predicated on the alleged violation of his due process rights. His complaint identifies the Superintendent of SCI Forest as the sole Defendant. The matter has been referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 (Apr. 26, 1996), district courts must review prisoner complaints when, as here, the plaintiff is seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The reviewing court must dismiss a case if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See id.*

1

Judge Lanzillo performed this mandatory screening and, in a Report and Recommendation ("R&R") filed on July 6, 2026, ECF No. [8], he concluded that Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. Judge Lanzillo implicitly recognized that Plaintiff's claims are asserted under 42 U.S.C. §1983, which provides a private right of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See Arrington v. Gustafson*, No. 1:22-CV-226, 2026 WL 523114, at *6 (W.D. Pa. Feb. 25, 2026). To establish a viable claim under §1983, Plaintiff must allege the violation of his federal constitutional rights by a person acting under color of state law who was personally involved in the alleged misconduct. *See West v. Atkins,* 487 U.S. 42, 48 (1988) (Section 1983 plaintiff must show that a person, while acting under color of state law, violated a right guaranteed to him by the U.S. Constitution or federal law); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff must allege the defendant's personal involvement in the wrongdoing).

Judge Lanzillo explained that no claim had been stated against the Superintendent of SCI-Forest because the complaint did not establish the Superintendent's personal involvement in any wrongdoing. Instead, Plaintiff's claim against the Superintendent simply relied on the Defendant's supervisory status and his response to Plaintiff's grievance which, by itself, is insufficient to show personal involvement under Section 1983. *See* ECF No. 8 at 3-5 (citing authority); *see also Rode*, 845 F.2d at 1207 (explaining that personal involvement may be shown if an official directly engaged in the alleged misconduct, or personally directed it, or had actual knowledge of the misconduct and acquiesced in it); *Higgs v. N.J. Dep't of Corr.*, No. 24-1712,

2

2024 WL 3811985, at *2 (3d Cir. Aug. 14, 2024) (*per curiam*) ("The mere investigation or adjudication of a grievance is insufficient to implicate an officer in the underlying injury, as it does not demonstrate 'personal knowledge' or violate a constitutional right for the purposes of §1983.").

Judge Lanzillo further explained that, even if Plaintiff had identified a viable defendant, his claims could not proceed because he did not establish a plausible violation of his due process rights. As Judge Lanzillo correctly noted, allegations regarding the improper handling of a grievance do not state a cognizable §1983 claim since inmates do not have any constitutionally protected right to a grievance process. *See* ECF No. 8 at 6 (citing *Jackson v. Gordon*, 145 F. App'x, 774, 777 (3d Cir. 2005), and *Glenn v. DelBalso*, 599 F. App'x 457, 459 (3d Cir. 2015)). Moreover, the Pennsylvania Tort Claims Act provides a constitutionally sufficient remedy for purposes of the Due Process Clause insofar as Plaintiff is predicating his claim on the loss of his television. *Id.* at 6-7 (citing *Grant v. Venango Cnty. Sheriff's Off.*, Case No. 1:25-CV-00094, 2026 WL 1335939, *4 (W.D. Pa. Apr. 13, 2026), *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011), and *Grega v. Vroman*, Case No. 1:22-CV-00145-RAL, 2023 WL 3585758, *7 n.9 (W.D. Pa. May 22, 2023).

On July 24, 2026, the Clerk received Plaintiff's objections to the Report and Recommendation. *See* ECF No. 9. In his objections, Plaintiff merely restates his allegations involved the alleged mishandling of his television and the alleged mishandling of his grievance process, all of which he claims violated "inmate policy." But Plaintiff's objections provide no basis for concluding that the Chief Magistrate Judge erred in his analysis of Plaintiff's Section 1983 claims. Moreover, it is well established that violations of internal prison policies do not arise to the level of a constitutional violation for purpose of Section 1983. *See, e.g.,*

3

*Sears v. Kovac*, No. 3:24-CV-00295, 2026 WL 1138617, at *3 (W.D. Pa. Apr. 6, 2026) ("DOC policies do not create rights actionable under § 1983."), *report and recommendation adopted sub nom. Sears v. Jessica Bros. Sopic*, No. 3:24-CV-295, 2026 WL 1135621 (W.D. Pa. Apr. 27, 2026); *Stokes v. Houser*, No. 1:22-cv-01136, 2023 WL 5489034, at *3 n.2 (M.D. Pa. Aug. 24, 2023) (Plaintiff's claim that defendants violated a prison policy code of ethics was not actionable under Section 1983 because "an alleged violation of DOC policy does not in itself create a constitutional right.") (citation omitted).

Accordingly, after *de novo* review of the documents in the case, including the complaint, the Chief Magistrate Judge's R&R, and Plaintiff's objections thereto,

IT IS ORDERED, this 3rd day of August 2026, that Plaintiff's motion for leave to proceed *in forma pauperis,* ECF No. [3], is GRANTED, and the complaint shall be filed by the clerk as a separate docket entry. IT IS FURTHER ORDERED, however, that the complaint shall be, and hereby is, DISMISSED in accordance with the provisions of 28 U.S.C. §1915(e)(2)(B).

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Lanzillo on July 6, 2026, ECF No. [8], is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation, ECF No. [9] are OVERRULED.

There being no further claims pending before the Court in this civil action, the Clerk is directed to mark this case "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

4